**Shirley BOSTICK and Adrienne Bostick, Plaintiffs,**

v.

**ITT HARTFORD GROUP, INC. a/k/a and/or d/b/a as ITT Hartford, and/or the Hartford, and Hartford Insurance Company of the Midwest, Defendants.**

**No. CIV. A. 97–6296.**

United States District Court,
E.D. Pennsylvania.

Jan. 13, 2000.

Neil A. Jackson, Philadelphia, PA, for Plaintiffs.

Patrick J. Keenan, Philadelphia, PA, for Defendants.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Defendants ITT Hartford Group, Inc., *et al.*, have moved to preclude plaintiffs Shirley and Adrienne Bostick from presenting evidence of damages at trial. Upon consideration of defendants' motion (Document No. 30), plaintiffs' response (Document No. 33) and defendants' reply (Document No. 34), memoranda in support thereof, and the evidence produced by both parties, the motion will be granted.

## I. BACKGROUND

The facts of this case were set out in a more detailed fashion in this Court's ruling on defendants' motion for summary judgment, and therefore will be recounted here only briefly. *See Bostick v. ITT Hartford Group,* 56 F.Supp.2d 580 (E.D.Pa.1999). On October 8, 1996, an outside wall of a rear portion of the home of plaintiffs Shirley and Adrienne Bostick, 4619 N. 11th St.,

Philadelphia, Pennsylvania, allegedly collapsed. On October 22, 1996, plaintiffs received a notice from the Philadelphia Department of Licenses and Inspection ("D.L.I."), which termed the plaintiffs' residence "imminently dangerous" and ordered plaintiffs to demolish or repair the building immediately. (Plaintiff's Response to Defendant's Motion in Limine, Department of Licenses and Inspections Notice, Exhibit KC–18 to Deposition of Kevin Creech, Sept. 2, 1999). Plaintiffs vacated the premises pursuant to the notice.

Plaintiffs sought coverage under their Hartford Homeowners Policy, No. 55 RB 932355. Defendant ITT Hartford Group, Inc., ("Hartford") rejected the Bosticks' claim on March 12, 1997, asserting that the loss to plaintiffs' home was not covered under the policy.

In the instant motion, defendants argue that plaintiffs should be precluded from presenting proof of damages at trial because plaintiffs have failed as a matter of law to adduce sufficient evidence showing damages as required by the policy. Plaintiffs claim that they have produced sufficient evidence to establish a total loss, and that they need not establish damages because the policy is a valued policy. Both parties have submitted substantial briefs and evidence in support thereof and neither party has asked the Court to consider matters beyond the record made to date. Accordingly, I conclude that a hearing on the matter is unnecessary.

## II. ANALYSIS

In any breach of contract action, plaintiff has the burden of proving damages resulting from the breach. *See Safeguard Scientifics, Inc. v. Liberty Mutual Ins. Co.,* 766 F.Supp. 324, 334–35 (E.D.Pa. 1991) (citing *Spang & Co. v. United States Steel Corp.,* 519 Pa. 14, 25, 545 A.2d 861, 866 (1988)). A plaintiff must show that she is capable of establishing damages to a reasonable certainty. *See Gordon v. Trovato,* 234 Pa.Super. 279, 286, 338 A.2d 653, 657 (1975).

### A. Proof of Damages

Under the policy issued to plaintiffs, in order to be eligible for coverage, plaintiffs are required to show the loss to the property by submitting a sworn proof of loss that includes "detailed damage repair estimates." (Defendant's Motion in Limine, Exhibit B, Bostick Insurance Policy, at 10). Furthermore, in the event of a total loss, the policy will cover "buildings ... at replacement cost without deduction for depreciation," subject to the policy limits and other considerations. (Defendant's Motion in Limine, Exhibit B, Bostick Insurance Policy, at 10).

Plaintiffs appear to rely on four grounds in their efforts to show damages in the form of a total loss to the property. First, plaintiffs point to the condemnation and notice to vacate issued by D.L.I. Plaintiffs appear to argue that the condemnation proves there was a total loss of the insured residence, and that they are therefore entitled to the full value of the residence under the Hartford policy. The primary evidence plaintiffs have produced in this regard is a written notice from D.L.I., which states that the residence was considered by D.L.I. to be "imminently dangerous" and orders plaintiffs to "demolish or repair" the property immediately. (Plaintiff's Response to Defendant's Motion in Limine, Department of Licenses and Inspections Notice, Exhibit KC 18 to Deposition of Kevin Creech, Sept. 2, 1999). The notice fails to live up to its billing in plaintiffs' papers, because it begs the question at issue here: Was the property a total loss or could it be repaired, and how much would repairs, if possible, cost? The condemnation of the property thus fails to provide any basis for a jury's finding as to damages, and thus does not meet plaintiffs' burden.[1]

---

1. There is some reference in plaintiffs' papers to a report by D.L.I. on the property, but plaintiffs have produced no such report.

■ Second, plaintiffs rely on the deposition testimony of their expert, Kevin Creech. The passages of Creech's testimony cited by plaintiffs merely describe the cause of the collapse of the wall and characterize the condemnation. This Court could find no statements in Creech's deposition testimony, nor in his two page "report," in which he estimated the cost of repair or declared the damage to the home irreparable. Thus, Creech's testimony does not satisfy plaintiffs' burden of establishing damages to a reasonable certainty.

■ Third, plaintiffs rely on the deposition testimony of plaintiff Adrienne Bostick, in which she asserts that the property was "beyond repair." (Defendant's Motion in Limine, Exhibit G, Deposition of Adrienne Bostick, at 126, 136). This too, is an insufficient ground on which to establish damages, as Adrienne Bostick's statement simply summarizes what she recalls being told by D.L.I. Plaintiffs have produced no direct evidence that D.L.I. concluded the house was beyond repair; no affidavits, no reports, and no deposition testimony. Adrienne Bostick's cursory reference to home's potential for repair in her deposition testimony is not evidence upon which a reasonable jury could base an award of damages with reasonable certainty.

■ Fourth, plaintiffs seek to hitch their wagon to defendants' estimate of the cost of repair to the house. In an attempt to utilize the defendants' evidence, plaintiffs claim the report of defense expert is an "admission" of the estimated cost of repairs that is binding upon the defendants. (Plaintiffs' Response, at 8–9, and Memorandum of Law (pages not numbered)). Not so. *See Kirk v. Raymark Industries, Inc.,* 61 F.3d 147, 164 (3d.Cir.1995) ("Because an expert is charged with a duty of giving his or her expert opinion regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the

party who called him, can be authorized to make an admission for that party.") (citation omitted).[2] Plaintiffs may not rely on defendants' expert report to sustain plaintiffs' burden of proof. Because plaintiffs have failed to produce such evidence, defendants' motion will prevail.

■ Plaintiffs set forth a slightly more nuanced argument in support of their claim of a total loss. Plaintiffs observe, "[A]s plaintiffs could not maintain mortgage payments on the property as a result of the defendants [sic] failure to settle their claims, the property has been sold at sheriff sale and the plaintiffs are without legal ability to repair the property at the present time even if same could be accomplished." (Plaintiff's Memorandum of Law, at 2 (no page numbers in original)). However, plaintiffs' argument rests on an illusory premise; that Hartford was obligated under the policy to cover plaintiffs' losses due to the collapse of the wall. This premise is in fact the very question that brings the case before the Court, and it is a question that was the subject of the denial by this Court of the defendants' motion for summary judgment. Plaintiffs cannot prevail on this motion in limine by bootstrapping their burden of proof on damages to the ultimate question in the litigation which remains unresolved. Plaintiffs must produce independent evidence supporting their claim that the property was a total loss due to the collapse of the wall, or the cost to repair the property if there is no total loss. I conclude today that they have failed to do so.

## B. Valued or Open Policy?

■ Finally, plaintiffs argue that the policy at issue is a "valued policy" and that because the residence is a total loss, defendants must pay the full limit of liability under the policy, and plaintiffs need not produce evidence of the value of damages.

---

**2.** This Court has not recognized defendants' expert, Lee A. Davis, as an agent of defendants, and as an expert, he is presumptively an independent contractor and not an agent

of the party who calls him unless it is proved otherwise. *See Kirk,* 61 F.3d at 164. Plaintiffs have offered no such proof.

This argument fails primarily (1) because it is premised on the assertion that the residence suffered a total loss, which, as discussed above, plaintiffs have not shown, and (2) because it assumes that in the event of a total loss, the policy mandates an automatic payment of the policy limit, which is untrue.[3]

▪ Moreover, plaintiffs cannot show that the policy at issue is a valued policy. Valued policies operate similarly to contracts with liquidated damages clauses and, unlike open polices, bring certainty to the amount to be paid out under an insurance policy. *See Gerhard v. Boston Ins. Co.*, 99 F.Supp. 247, 250 (E.D.Pa.1951). "A 'valued' policy is one which places a valuation upon the underwritten property by way of liquidated damages for the purpose of avoiding subsequent valuation of the property in case of loss." *Id.*

▪ There is no mystery as to what kind of policy the Bosticks held with Hartford. Plaintiffs' policy states that it will cover "buildings ... at replacement cost without deduction for depreciation." (Defendant's Motion in Limine, Exhibit B, Bostick Insurance Policy, at 10). Thus, if a total loss were to occur, the policy would cover an amount to be determined—replacement costs up to the policy limit—and would not require automatic payment a pre-determined valuation named in the policy. Furthermore, on its first page, the policy at issue here sets forth policy limits under the terms "Limit of Liability," a defining characteristic of an open policy.

(Defendant's Motion in Limine, Exhibit B, Bostick Insurance Policy, Declarations Page).[4] The language of the policy sets "standard[s] by which the amount of the loss is to be ascertained," *Gerhard*, 99 F.Supp. at 251; valued policies do not require such proof of loss. *See id.* Furthermore, the policy states that upon proof of loss, Hartford will pay the cost to repair or replace ... but not more than the least of the following amounts:

(a) The limit of liability under this policy that applies to the building;

(b) The replacement cost of that part of the building damaged for like construction and use on the same premises; or

(c) The necessary amount actually spent to repair or replace the damaged building.

(Defendant's Motion in Limine, Exhibit B, Bostick Insurance Policy, at 10). Valued policies do no leave open and uncertain the amount of recovery in case of loss, as this policy does. *See id.*[5] Open policies, however, do. Under this policy, even in the event of a total loss, plaintiffs may recover up to the limit of liability, but may recover less than that amount subject to proofs concerning damages, and replacement costs. Thus, the policy is not a valued policy that fixes one amount to paid upon a total loss. Rather, it is an open policy that leaves the amount of recovery uncertain up to a policy limit.

3. The case cited by plaintiffs, *Zaitchick v. American Motorists Ins. Co.*, 554 F.Supp. 209 (S.D.N.Y.1982), *aff'd*, 742 F.2d 1441 (2d Cir.), *cert. denied*, 464 U.S. 851, 104 S.Ct. 162, 78 L.Ed.2d 148 (1983), is not persuasive in this context because in that case, it was established that a fire had completely destroyed plaintiffs' home, rendering it a total loss. Here, as discussed above, plaintiffs have not produced evidence to show that the damage to their house rendered it a total loss.

Furthermore, the policy mandates payment of the "replacement cost" of a building that suffers a total loss, and does not require payment of the policy limit upon proof of a total loss.

4. An open policy is one that contains a "limitation on the amount of recovery" or "a clear indication that the liability of the insurer ... shall not be more but may be less than the amount stated, by the use of such a term as 'not exceeding.' " *Gerhard*, 99 F.Supp. at 251.

5. Hartford's "Inflation Guard" increase of the policy limit based on a rise in area construction costs does not, as plaintiffs argue, transform the policy into a valued policy. This is not an increase in a guaranteed amount of recovery, as in a valued policy; rather it is an increase in the *potential* amount of recovery, as in an open policy.

For the foregoing reasons, I conclude that the Hartford policy held by the Bosticks was not a valued policy, and therefore plaintiffs' contention that they need not produce evidence of damages under the policy and are entitled to the full sum of the upper limits of coverage is misguided.

## III. CONCLUSION

To satisfy their burden, plaintiffs must produce evidence of damages from which a jury could assess damages with reasonable certainty. *See King v. Pulaski*, 710 A.2d 1200, 1205 (1998) (citation omitted). Unless plaintiffs produce such evidence, the issue will not be submitted to a jury. *See Gordon*, 234 Pa.Super. at 281, 338 A.2d at 654.

The motion before the Court has serious consequences for plaintiffs' case; a decision to grant the motion will prevent a jury from hearing any evidence on damages and may make it impossible for plaintiffs to recover. While the Court does not take lightly a decision that has as a consequence the virtual, pre-trial defeat of plaintiffs' claim, the law requires, and thus the Court has a responsibility, to demand from plaintiffs a minimal, threshold level of proof on the issue of damages before proceeding to trial. Such evidence should not have been impossible or even difficult for plaintiffs in this case to produce, but they have nevertheless failed to do so.

For the foregoing reasons, I conclude that plaintiffs cannot sustain their burden of proving damages at trial. An award of damages in this case based upon the evidence now before the Court would be the product of mere speculation and conjecture on the jury's part; an unacceptable basis for a jury award. *See King*, 710 A.2d at 1205 (citing *Gordon*, 234 Pa.Super. at 286, 338 A.2d at 657). Therefore, defendants' motion in limine to preclude the introduction of such evidence will be granted.